**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**GERMAN OSCIEL PEREZ-GOMEZ,**

 Petitioner,

 v.                                                                  **Civil Action No. 3:25cv773**

**WARDEN, CAMP EAST MONTANA**
**DETENTION FACILITY[1], et al.,**

 Respondents.

**<u>MEMORANDUM OPINION</u>**

 This matter comes before the Court on Petitioner German Osciel Perez-Gomez's

("Petitioner") Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the

"Amended Petition"). (ECF No. 7.)  In the Amended Petition, Mr. Perez-Gomez challenges his

detention by Immigration and Customs Enforcement ("ICE"), arguing that ICE's failure to

provide Mr. Perez-Gomez with a bond hearing under 8 U.S.C. § 1226 violates his statutory and

regulatory right to such a hearing and his constitutional right to due process under the Fifth

Amendment to the United States Constitution. (ECF No. 7 ¶¶ 45–61.)

 Respondents have filed a response to the Amended Petition, (ECF No. 10), and Mr.

Perez-Gomez replied, (ECF No. 12).  The matter is ripe for disposition.  For the reasons

articulated below, the Court will grant the Amended Petition. (ECF No. 7.)  The Court will order

Respondents to provide Mr. Perez-Gomez with a bond hearing under 8 U.S.C. § 1226(a).

---

[1] Mr. Perez-Gomez's Amended (and operative) Petition removed Mr. Crawford, Warden at the Farmville Detention Facility, as a Repsondent and added "Warden" of the Camp East Montana Detention Facility.  The Court substitutes "Warden" of the Camp East Montana Detention Facility for Mr. Crawford in this action.  Cf. Fed. R. Civ. P. 25(d).

## I. Factual and Procedural Background

### A.    Factual Background

Mr. Perez-Gomez is a Guatemalan citizen. (ECF No. 7 ¶¶ 1, 17; ECF No. 10-1 ¶ 5.) At
least thirteen years ago, on an unknown date and at an unknown location, Mr. Perez Gomez
entered the United States without being admitted or paroled by an immigration officer. (ECF
No. 7 ¶ 1; ECF No. 10-1 ¶ 6.) Mr. Perez-Gomez has resided in the United States since at least
2012. (ECF No. 7 ¶ 17.) Until his arrest, Mr. Perez-Gomez lived in Hyattsville, Maryland with
his wife and two children, both of whom are United States citizens. (*See* ECF No. 7 ¶ 1; ECF
No. 7-1, at 16–18.)

Mr. Perez-Gomez has never been arrested or charged with a crime. (ECF No. 7 ¶ 40.)

On August 21, 2025, ICE officials apprehended Mr. Perez-Gomez in Washington, D.C.
(ECF No. 7 ¶ 1; ECF No. 10-1 ¶ 7.) ICE officers placed Mr. Perez-Gomez in immigration
custody at the Farmville Detention Center in Virginia "pursuant to 8 U.S.C. § 1225(b)(2)(A)."
(ECF No. 10-1 ¶ 7.) The same day, Mr. Perez-Gomez received a Notice to Appear,[2] "charg[ing]
him with being inadmissible to the United States." (ECF No. 10-1 ¶ 7.) On September 8, 2025,
Mr. Perez-Gomez filed a motion for custody redetermination with the Immigration Court,
seeking release on bond. (ECF No. 10-1 ¶ 8.) The Immigration Court held a bond hearing for
Mr. Perez-Gomez on September 17, 2025. At the hearing, the Immigration Judge determined
that he "lacked jurisdiction to review [Mr. Perez-Gomez]'s custody status under 8 U.S.C.
§ 1225(b)(2)(A)" and denied Mr. Perez-Gomez's request for bond. (ECF No. 10-1 ¶ 10; ECF
No. 7-3, at 2.)

---

[2] A Notice to Appear is a "'[c]harging document' that 'initiates a proceeding before an
Immigration Judge.'" *Hasan v. Crawford*, —F. Supp. 3d—, 2025 WL 2682255, at *1 n.3 (E.D.
Va. 2025) (quoting 8 C.F.R. § 1003.13).

On September 24, 2025, Mr. Perez-Gomez was "transferred from the Farmville Detention Center in Virginia to the Camp East Montana Detention Facility in El Paso, Texas." (ECF No. 10-1 ¶ 11; ECF No. 7 ¶ 6.)  Mr. Perez-Gomez remains at the Camp East Montana Detention Facility. (ECF No. 10-1 ¶ 3.)  Mr. Perez-Gomez is "scheduled for a master calendar hearing on November 13, 2025, at 9:30 a.m. before the Immigration Court in El Paso, Texas." (ECF No. 10-1 ¶ 12.)

### B.   Procedural Background

On September 23, 2025, Mr. Perez-Gomez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.)  The Court ordered Mr. Perez-Gomez to file an amended petition in compliance with Rule 2(c)(5) of the Rules Governing Section 2254 Cases.[3] (ECF Nos. 3, 6.)  On October 5, 2025, Mr. Perez-Gomez filed the instant Amended Petition in accordance with habeas Rule 2(c)(5). (ECF No. 7.)  Respondents were directed to file a response within thirty days, and Mr. Perez-Gomez was instructed to file a reply within ten days of the filing of Respondents' response. (*See* ECF No. 8, at 1.)

On November 4, 2025, Respondents filed a response to Mr. Perez-Gomez's Amended Petition. (ECF No. 10.)  Per the Court's initial briefing schedule, Mr. Perez-Gomez's reply would have been due November 14, 2025. (*See* ECF No. 8, at 1.)  Respondents, however, indicated in their response that Mr. Perez-Gomez is scheduled for a Master Calendar Hearing before an Immigration Judge on November 13, 2025, (ECF No. 10-1 ¶ 12), one day prior to Mr. Perez-Gomez's November 14, 2025 reply deadline, (ECF No. 8, at 1).  To ensure that briefing on Mr. Perez-Gomez's petition would be complete prior to his upcoming hearing, the Court ordered

---

[3] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241.  Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

3

Mr. Perez-Gomez to file his reply by November 7, 2025.  (ECF No. 11.)  On November 5, 2025, Mr. Perez-Gomez filed his reply.  (ECF No. 12.)

## II.  Standard of Review

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  *Id.*  "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States."  *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted).  After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

## III.  Analysis

The central question posed in Mr. Perez-Gomez's Petition is whether he is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a)[4] or whether he is subject to the mandatory

---

[4] 8 U.S.C. § 1226 provides, in relevant part:

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole.

8 U.S.C. § 1226(a)(1)–(2).

detention provision of 8 U.S.C. § 1225(b)(2)(A).[5]  Mr. Perez-Gomez contends that 8 U.S.C. § 1226 entitles him to a bond hearing.  Specifically, Mr. Perez-Gomez argues that (1) the discretionary detention provisions of 8 U.S.C. § 1226(a) entitle him to a bond hearing, (ECF No. 7 ¶¶ 45–49; ECF No. 12, at 3–10); and (2) that his Fifth Amendment due process rights bolster his entitlement to such a hearing, (ECF No. 7 ¶¶ 53–61; ECF No. 12, at 11–13).[6]

---

[5] 8 U.S.C. § 1225 provides, in pertinent part:

> (b) Inspection of applicants for admission
>
>> (2) Inspection of other aliens
>>
>>> (A) In general
>>>
>>> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A).

[6] Mr. Perez-Gomez also argues that the "application of § 1225(b)(2) . . . unlawfully mandates his continued detention under several bond regulations."  (ECF No. 7 ¶¶ 50–52 (citing 8 C.F.R. § 263.1, 1236.1, and 1003.19).).  Because the Court finds that Mr. Perez-Gomez is entitled to a bond hearing under § 1226, it need not address this claim.

Additionally, although Respondents do not address Mr. Perez-Gomez's claim for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), (ECF No. 7, at 12), the Court finds that Mr. Perez-Gomez has no cognizable claim for attorney's fees because a habeas proceeding is not a "civil action" under the EAJA. *Obando-Segura v. Garland*, 999 F.3d 190, 195, 197 (4th Cir. 2001); *Quispe v. Crawford*, No. 1:25-cv-1471 (AJT), 2025 WL 2783799, at *3–4 (E.D. Va. Sept. 29, 2025).

In their opposition, Respondents repeat the same arguments and rationale recently rejected by this Court. *See Duarte Escobar v. Perry*, 3:25-cv-758 (MHL), 2025 WL 3006742 (E.D. Va. Oct. 27, 2025).[7] Here, as in *Duarte Escobar*, Respondents insist (1) that the Court lacks jurisdiction over the Amended Petition by virtue of two jurisdiction-stripping provisions of the Immigration and Nationality Act ("INA"), (ECF No. 10, at 7–8); (2) that even if the Court has jurisdiction over the Amended Petition, Mr. Perez-Gomez's detention is lawful under 8

---

[7] Respondents' arguments have also been raised and decided throughout the country. The vast majority of the courts addressing this issue have concluded that 8 U.S.C. § 1226(a) pertains, meaning petitioners like Mr. Perez-Gomez should receive a bond hearing. *See Quispe Lopez v. Crawford*, No. 1:25-cv-1471 (AJT), 2025 WL 2783799, at *6 n.9 (E.D. Va. Sept. 29, 2025) (collecting thirty cases rejecting Respondents' arguments as of September 29, 2025).

In addition, at least *nineteen* courts in the Eastern District of Virginia (including this Court) have rejected Respondents' position on eminently sound bases. *See Hasan v. Crawford*, — F. Supp. 3d —, No. 1:25-cv-1408 (LMB), 2025 WL 2682255 (E.D. Va. 2025); *Quispe*, 2025 WL 2783799; *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382 (MSN), 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Vargas Nunez v. Lyons*, 1:25-cv-1574 (LMB), ECF No. 10 (E.D. Va. Oct. 1, 2025); *Diaz Gonzalez v. Lyons*, 1:25-cv-1583 (LMB), ECF No. 8 (E.D. Va. Oct. 1, 2025); *Gomez Alonzo v. Simons*, 1:25-cv1587 (LMB), ECF No. 16 (E.D. Va. Oct. 1, 2025); *Perez Bibiano v. Lyons*, 1:25-cv-1590 (LMB), ECF No. 8 (E.D. Va. Oct. 2, 2025); *Ortiz Ventura v. Noem*, 1:25-cv-1429 (MSN), ECF No. 16 (E.D. Va. Oct. 2, 2025); *Lopez-Sanabria v. Bondi*, 1:25-cv-1511 (MSN), ECF No. 9 (E.D. Va. Oct. 3, 2025); *Guerra Leon v. Noem*, 1:25-cv-1634 (LMB), ECF No. 12 (E.D. Va. Oct. 8, 2025); *Maldonado Merlos v. Noem*, 1:25-cv-1645 (LMB), ECF No. 11 (E.D. Va. Oct. 9, 2025); *Alfaro v. Lyons*, 1:25-cv1569 (AJT), ECF No. 11 (E.D. Va. Oct. 11, 2025); *Singh v. Lyons*, No. 1:25-cv-01606 (AJT), 2025 WL 2932635 (E.D. Va. Oct. 14, 2025); *Teyim v. Perry*, No. 1:25-cv-01615 (MSN), 2025 WL 2950183 (E.D. Va. Oct. 15, 2025); *Hernandez v. Crawford*, No. 1:25-cv-01565, 2025 WL 2940702 (AJT) (E.D. Va. Oct. 16, 2025); *Pineda v. Simon*, No. 1:25-cv-01616 (AJT), 2025 WL 2980729 (E.D. Va. Oct. 21, 2025); *Lapop v. Noem*, No. 1:25-cv-1666 (AJT), 2025 WL 2997507 (E.D. Va. Oct. 24, 2025); *Duarte* Escobar, 2025 WL 3006742; *Boquin Oliva v. Noem*, No. 1:25-cv-1592 (RDA), ECF No. 12 (E.D. Va. Oct. 29, 2025). No Court in this District has found otherwise.

The Court recognizes that a small minority of district courts have accepted Respondents' arguments. *See, e.g., Chavez v. Noem*, — F. Supp. 3d —, 2025 WL 2730228, at *4–5 (S.D. Cal. 2025); *Vargas Lopez v. Trump*, — F. Supp. 3d —, 2025 WL 2780351, at *7–10 (D. Neb. 2025). These decisions do not alter this Court's determination.

U.S.C. § 1225's mandatory detention provisions, (ECF No. 18, at 8–20); and (3) that Mr. Perez-Gomez's constitutional due process rights have not been violated, (ECF No. 18, at 20–28).[8]

The parties' arguments as to all challenges raised are substantially similar to others made in recent § 2241 habeas actions in the Eastern District of Virginia, including one case decided by this Court. Indeed, Respondents acknowledge that their arguments have previously been rejected by numerous Courts in this District and across the country. (ECF No. 10, at 2–3.) Mr. Perez-Gomez's Amended Petition raises no new issues, and Respondents raise no new arguments, that would compel a different outcome.

The Court concludes that 8 U.S.C. § 1226(a) and the Fifth Amendment entitle Mr. Perez-Gomez to a bond hearing. Accordingly, the Court will grant the Amended Petition.

**A.    <u>The Court Has Jurisdiction Over the Amended Petition</u>**

As a threshold matter, this Court has jurisdiction to consider Mr. Perez-Gomez's Amended Petition. Respondents argue that the Court lacks subject-matter jurisdiction over the Amended Petition because two provisions of the INA strip the Court of jurisdiction over the Amended Petition: 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(g). (ECF No. 10, at 7–8.)

As this Court held in *Duarte Escobar*, neither 8 U.S.C. §§ 1252(b)(9)[9] nor 1252(g)[10]

---

[8] Respondents do not argue that Mr. Perez-Gomez has failed to exhaust his administrative remedies, and they therefore waive any argument on this point. The Court notes, however, that even had Respondents raised an exhaustion defense, they would not prevail, because exhausting Mr. Perez-Gomez's administrative remedies prior to filing his Amended Petition would be futile. *See Duarte Escobar*, 2025 WL 3006742, at *5.

[9] For instance, 8 U.S.C. § 1252(b)(9) does not divest this Court of its habeas jurisdiction because Mr. Perez-Gomez does not seek review of a removal order. *Duarte Escobar*, 2025 WL 3006742, at *6–7 (citing *Jennings v. Rodriguez*, 583 U.S. 294–95 (2018) (plurality opinion)).

[10] 8 U.S.C. § 1252(g) likewise does not divest the Court of its habeas jurisdiction because this case does not involve commencement, adjudication, or execution of any immigration order. *Duarte Escobar*, 2025 WL 3006742, at *7–8 ("[Section] 1252(g) does not apply 'to *all* claims

7

divests this Court of jurisdiction under 28 U.S.C. § 2241 to review Mr. Perez-Gomez's Amended Petition. *Duarte Escobar*, 2025 WL 3006742, at *6-8; *see also Luna Quispe*, 2025 WL 2783799, at *2–3. The Court has jurisdiction to consider the merits of the Amended Petition and proceeds to the substance of Mr. Perez-Gomez's claim.

### B.    Mr. Perez-Gomez is Entitled to a Bond Hearing Pursuant to 8 U.S.C. § 1226

With respect to the substance of Mr. Perez-Gomez's claim, Mr. Perez-Gomez argues that his detention is governed by the discretionary detention provisions of § 1226 rather than the mandatory detention provisions in § 1225(b)(2). (ECF No. 12, at 3–10.) According to Respondents, Mr. Perez-Gomez's detention is lawful under the INA because Mr. Perez-Gomez was not legally granted entry into the country and is therefore an "applicant for admission," meaning § 1225(b)(2) governs his detention. (ECF No. 10, at 8–20.)

For the reasons stated by this Court in *Duarte Escobar*, as well as the eighteen other decisions issued by Courts in this District on the same issue, this Court concludes that Mr. Perez-Gomez's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1226(b)'s mandatory detention procedures. 2025 WL 3006742, at *8–13. This argument fails.

Mr. Perez-Gomez has been present in the United States for thirteen years. He is thus not an "applicant for admission" subject to the mandatory detention provisions of § 1225 but rather falls within the discretionary detention provisions of § 1226(a) governing aliens who are already in the country. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–90, 303 (2018) (finding that § 1226(a) is the "default rule" governing "aliens already in the country" whereas § 1225 governs

---

arising from deportation proceedings.'" (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis added))).

"aliens seeking admission into the country").[11]  For the reasons set out in *Duarte Escobar*, the

plain text of the INA,[12] Supreme Court precedent, district court decisions around the country,

and decades of practice support this conclusion.  2025 WL 3006742, at *8–13.  Mr. Perez-

Gomez is therefore entitled to a bond hearing under § 1226(a) and its implementing regulations.

---

[11] The Court observes that, for decades, "Immigration Judges have conducted bond hearings for aliens who entered the United States without inspection." *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 n.6 (BIA 2025).  But on July 8, 2025, "Acting Director of U.S. Immigration and Customs Enforcement, Todd M. Lyons, issued an internal memorandum explaining that the agency had 'revisited its legal position'" by determining that "[the mandatory detention provisions of section 1225] of the Immigration and Nationality Act (INA), rather than [the discretionary detention provisions of section 1226], is the applicable immigration detention authority for all applicants for admission." *Martinez v. Hyde*, —F. Supp. 3d.—, 2025 WL 2084238, at *4 (D. Mass 2025).  The July memorandum characterized, seemingly for the first time, all noncitizens who entered the United States without inspection as doing so "seeking admission," no matter how much time passed between their entrance into the United States and their apprehension by law enforcement.

On September 5, 2025, the Board of Immigration Appeals ("BIA") released a precedential decision in *Matter of Yajure Hurtado* in line with Acting Director Lyons' memorandum.  "Pursuant to the BIA's decision in *Hurtado*, nearly all noncitizens who entered the United States without inspection are now subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), rather than the discretionary detention provisions of 8 U.S.C. § 1226(a)." *Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *1 (D.N.J. Oct. 22, 2025) (citing *Hurtado*, 29 I&N Dec. at 227–29).

The Court owes the BIA no deference in its interpretation of the INA and interprets §§ 1225 and 1226 *de novo*.  *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395–96 (2024).

[12] As this Court explained in *Duarte Escobar*, § 1225 requires that an applicant be "seeking admission" to the United States.  8 U.S.C. § 1225(b)(2).  The statute's use of active language suggests that an alien must be taking *active* steps towards "seeking admission" to the United States.  Presence in the country is not enough.  2025 WL 3006742, at *9.  To find otherwise, as Respondents (again) ask this Court to do, would render other provisions of the INA superfluous.  *Id.* at *9–10.

**C.     Mr. Perez-Gomez's Fifth Amendment Due Process Rights Have Been Violated**

Finally, Mr. Perez-Gomez argues that his detention without a bond hearing violates his due process rights under the Fifth Amendment's Due Process Clause.[13]  (ECF No. 12, at 11–13.) Respondents contend that Mr. Perez-Gomez's due process rights are governed only by the INA, rather than the Fifth Amendment's Due Process Clause, and that even if Mr. Perez-Gomez is subject to the Fifth Amendment's Due Process protections, denying him a bond hearing does not violate his constitutional rights.

For the reasons articulated in *Duarte-Escobar*, the Court finds that Mr. Perez-Gomez's due process rights are governed by the Fifth Amendment and that his continued detention under 8 U.S.C. § 1225 without a bond hearing violates his due process rights.  2025 WL 3006742, at *14–16.  Specifically, the Court finds that all three *Mathews* factors weigh in Mr. Perez-Gomez's favor:  (1) he has a strong private interest in remaining free from physical detention; (2) there is a significant risk of erroneous deprivation of his due process rights because he is entitled to a bond hearing under § 1226(a) that he has not received; and, (3) respondents have failed to demonstrate a compelling government interest in detaining Mr. Perez-Gomez without a bond hearing.  *See Duarte-Escobar*, 2025 WL 3006742, at *14–16 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

---

[13]  The Fifth Amendment to the United States Constitution provides, in pertinent part:

No person shall . . . be deprived of life, liberty or property without due process of law.

U.S. Const. amend. V.

10

## IV.  Conclusion

Respondents again encourage the Court to ignore clear statutory text, binding precedent from the Supreme Court, nineteen cases from within its own District, dozens of cases around the country, and decades of practice.  The Court again declines that invitation.

Because Mr. Perez-Gomez has been in the United States for at least thirteen years and because § 1226(a) sets for "the default rule" for detaining and removing aliens "already present in the United States," *Jennings*, 583 U.S. at 202, Mr. Perez-Gomez's detention is governed by § 1226(a).  And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge at which the government must prove by clear and convincing evidence that he poses a danger to the community, or by a preponderance of the evidence that he is a flight risk if the government seeks to continue detaining Mr. Perez-Gomez. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1).[14]  Unless and until the Government meets that burden, Mr. Perez-Gomez's continued detention is unlawful.

---

[14] 8 C.F.R. § 1236.1(d)(1) provides, in relevant part:

> After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 CFR part 1240 becomes final, request amelioration of the conditions under which he or she may be released. Prior to such final order, and except as otherwise provided in this chapter, the immigration judge is authorized to exercise the authority [under § 1226] . . . to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released, as provided in § 1003.19 of this chapter.

8 C.F.R. § 1236.1(d)(1).

11

For the reasons articulated above, the Court will grant Mr. Perez-Gomez's Amended Petition, (ECF No. 7), and order that he be provided a bond hearing with an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

An appropriate Order shall issue.

Date: 11 / 10 / 25
Richmond, Virginia

_____ /s/
M. Hannah Lauck
United States District Judge

12